IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| MEKESHIA HAYES | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. __2:20-cv-__118-KS-MTP |
| JONES COUNTY, MISSISSIPPI; JONES COUNTY SHERIFF'S DEPARTMENT OFFICER JAKE DRISKELL; and DOE OFFICERS 1-6 | ) |
| *Defendants.* | ) |

## COMPLAINT

[JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, Mekeshia Hayes, who, by and through undersigned counsel, and files this Complaint against the Defendants as follows:

### PRELIMINARY STATEMENT

This is a civil rights action seeking monetary damages against Defendants for violating certain Plaintiff's rights guaranteed by the United States Constitution and Mississippi law. More specifically, on February 13, 2020, Mekeshia Hayes was at her home in Laurel, Mississippi when officers from the Jones County Sheriff's Office broke through her door. The Officers ignored Ms. Hayes requests for a copy of a warrant. The Officers commanded her to sit down. Several officers began searching her home. They arrested her boyfriend, Desmond Hicks.

1

The officers questioned Ms. Hayes about alleged drugs inside the home. When Ms. Hayes said she did not know anything about any drugs, the officers threatened to arrest her, and to report her to Child Protective Services. Because she continued to tell them that there were no drugs in her home, the officers carried through with their threat and arrested her. However, there were no drugs in the home.

Ms. Hayes was left in jail from February 13, 2020 to February 15, 2020. She was never allowed to see a judge. The Department sent Ms. Hayes' mugshot to the local newspaper advising that she had been charged with possession of methamphetamine with the intent to distribute. "The Laurel Leader Call" published Ms. Hayes' mugshot with the representation that she had been charged for possession of methamphetamine with the intent to distribute. However, Ms. Hayes was never charged.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law—specifically under provisions of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343.

2. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The claims made in this Complaint occurred and arose in the State of Mississippi, in this District, and in the Hattiesburg Division. Venue therefore lies in this Court pursuant to 28 U.S.C. § 1391.

4. Pursuant to 28 U.S.C. § 1367, this Court also has pendent jurisdiction to hear state law claims.

## THE PARTIES

5. Plaintiff MEKESHIA HAYES is a natural person and a citizen of the United States and the State of Mississippi.

6. Defendant JONES COUNTY is a governmental entity of the State of Mississippi, and may be served with process through its registered agent for service of process, Chancery Clerk Larry Ishee, at P.O. Box 1468, Laurel, MS 39441.

7. Defendant JONES COUNTY SHERIFF'S DEPARTMENT is the primary law enforcement agency for Jones County. It currently is headed by Sheriff Joe Berlin who took office on January 6, 2020.

8. Defendant OFFICER JAKE DRISKLL is and was at all times relevant to this Complaint a natural person and a Jones County Sheriff's Deputy and may be served with process at P.O. Box 185, Laurel, MS 39441. He is sued in his individual and capacity.

**9.** Defendant DOE OFFICERS 1-6 are other deputies who personally participated in the wrongful conduct described herein but whose names and specific involvement are currently unknown to the Plaintiff.

## STATEMENT OF FACTS

### THE WARRANTLESS SEARCH

10. On February 13, 2020, at or around 8:00 p.m., Plaintiff Mekeshia Hayes was in her home at 1350 Ellisville Boulevard Lot F in Laurel, Mississippi with her two children when she noticed blue lights outside of her home.

11. Ms. Hayes went to the door, but, before she could open the door, a deputy from the Jones County Sheriff's Office kicked the door open.

12. Multiple deputies, including Officer Jake Driskell, entered Ms. Hayes' home. Ms. Hayes asked the deputies why there were there and if they had a search warrant. She was told to "Shut up and sit down."

13. Ms. Hayes sat down in the living room with her three children. She was guarded by a deputy with an assault rifle.

14. Ms. Hayes boyfriend, Desmond Hicks, was also present in the home. The deputies questioned Mr. Hicks about alleged drugs inside the home. Mr. Hicks said there were not any. The Officers then told him: "Tell us where the drugs are. If you tell us we'll let her (Ms. Hayes) go. You shouldn't want her (Ms. Hayes) to go to jail."

### THE ARREST OF MEKESHIA HAYES:

15. When Mr. Hicks continued to deny knowing about any drugs in the home, one of the deputies said: "That's fine we'll take her to jail to piss her off and to teach her a lesson." The deputies also threatened Ms. Hayes by saying they would "call Child Protective Services" to take away her children.

16. The deputies ordered Ms. Hayes to call someone to pick up her kids. Ms. Hayes called her aunt Tyra Blackmon to pick up the children. When Ms. Blackmon arrived, the children were given to her. Ms. Hayes was then arrested and taken to jail.

### PLAINTIFF'S DETENTION FEBRUARY 13, 2020:

17. Without probable cause, Ms. Hayes was arrested for possession with the intent to distribute. She was taken to the Jones County Detention Center. Her picture was taken, and she was given a jumpsuit to wear.

18. Ms. Hayes was not allowed to see any other officer on February 13, 2020 nor was she given any bond.

## PLAINTIFF'S DETENTION FEBRUARY 14, 2020

19. The following day on February 14, 2020, Ms. Hayes saw a guard and asked when they would set her Court or bail hearing. She was told that she was not on the list to be taken in front of a judge. However, Desmond Hicks was taken in front of a judge that day. In the Courtroom he was given a copy of a warrant to search the home of Ms. Hayes.

## PLAINTIFF'S DETENTION FEBRUARY 15, 2020

20. On Saturday, February 15, 2020, the Jones County Sheriff's Office called Ms. Blackmon to let her know that Ms. Hayes was being released and that they were "doing her a favor." When Ms. Blackmon arrived, Ms. Hayes was released from jail and all charges were dropped.

## PROPERTY DAMAGE

21. During the events described above, the Defendants broke down the door to Ms. Hayes' home. During the search Ms. Hayes' personal property, including, bedroom, dressers, shelves, and laundry room were unnecessarily damaged.

## DEFAMATION

22. *The Laurel Leader Call* published a picture of Ms. Hayes' mugshot and the charge of "Possession of Methamphetamine-Warrant."

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

23. All of the relevant acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

24. These acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America in violation of 42 U.S.C. § 1983.

32. Defendants acted with malice, and/or deliberate violence or oppression, and/or in willful disregard for the rights and safety of Plaintiff, and/or in reckless disregard for the rights and safety of Plaintiff.

33. As a result, Plaintiff suffered a loss of her liberty, physical injury, and associated mental anguish, shame, humiliation and emotional distress.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

34. The Defendants' used excessive force in arresting and imprisoning Plaintiff. Given the actual facts, i.e., that Defendants detained and arrested Plaintiff without any probable cause, no force whatsoever was warranted or justified.

35. Defendants acted with malice, and/or deliberate violence or oppression, and/or in willful disregard for the rights and safety of each Plaintiff, and/or in reckless disregard for the rights and safety of Plaintiff.

36. As a result, Plaintiff suffered a loss of her liberty, physical injury, and associated mental anguish, shame, humiliation and emotional distress.

## FOURTH CLAIM FOR RELIEF
## UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

37. The aforesaid conduct by Defendants, subjected the Plaintiff to an illegal and improper search her person and property, without any probable cause, privilege or consent.

38. Defendants further acted with malice, and/or deliberate violence or oppression, and/or in willful disregard for the rights and safety of Plaintiff, and/or in reckless disregard for the rights and safety of Plaintiff.

39. As a result, Plaintiff suffered violations of her liberty and privacy, suffered humiliation, and suffered damage to her property.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40. Defendants issued legal process to place Plaintiff under arrest.

41. Defendants illegally and wrongly arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to Plaintiff, without excuse or justification.

43. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and each was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints without probable cause.

44. Defendants further acted with malice, and/or deliberate violence or oppression, and/or in willful disregard for the rights and safety of Plaintiff, and/or in reckless disregard for the rights and safety of Plaintiff.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO KNOW THE NATURE OF THE CHARGES AGAINST HER UNDER 42 U.S.C. § 1983

45. Defendants unlawfully detained Plaintiff.

46. The alleged charge that Defendants arrested Plaintiff for was possession with intent to distribute.

47. Defendants failed to release Plaintiff under her own recognizance, set bond, or to take her in front of a judge as is required by the rules of criminal procedure.

48. Defendants acted with malice by granting bond to Chelsie Morgan who had more than one charge against her, and brought Desmond Hicks to an initial appearance before a judge to determine bond while keeping Plaintiff detained in a jail cell violating her constitutional right to notice under the Sixth Amendment of the United States Constitution.

49. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

50. Defendants further acted with malice, and/or deliberate violence or oppression, and/or in willful disregard for the rights and safety of Plaintiff, and/or in reckless disregard for the rights and safety of Plaintiff.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of Jones County, Mississippi and Jones County Sheriff Joe Berlin included, but were not limited to: a) requiring individuals to produce identification to police officers regardless of reasonable suspicion of criminal activity, b) arresting individuals regardless of probable cause, c) utilizing excessive force in executing said arrests, d) arresting civilian witnesses when disputes arise between civilians and police officers, and e) other customs, policies, or official acts which will be learned and proven through discovery.

53. Defendants, and their agents and employees, deliberately chose training programs, if any, which were so grossly inadequate that officer misconduct was inevitable and which lead to repeated violations of the constitutional rights of the public with whom the agents come into contact.

54. The foregoing customs, policies, usages, practices, procedures and rules of Jones County, Mississippi and Jones County Sheriff Joe Berlin constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of Jones County, Mississippi and Jones County Sheriff Joe Berlin were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of Jones County, Mississippi and Jones County Sheriff Joe Berlin were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of Jones County, Mississippi and Jones County Sheriff Joe Berlin, Plaintiff was subjected to unlawful and excessive force resulting in injuries.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

60. The acts complained of deprived Plaintiff of her rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from malicious abuse of process;

   D. Not to have excessive force imposed upon them;

   E. To be free from unlawful search; and

F. Not to have summary punishment imposed upon them.

## EIGHTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE: MISCONDUCT

64.  Defendants Jake Driskell and Officers 1-2 unlawfully searched Plaintiff's home, threatened Plaintiff with calling Child Protective Services, and arresting Plaintiff with no probable cause.

65.  Based on the facts and circumstances set forth herein, the Plaintiff asserts that the Defendants acted in reckless disregard of the safety and well-being of the Plaintiff and her children who at the time were not engaged in any criminal activity at the time the police entered the home without a warrant.

## NINTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE: FAILURE TO ACT

66.  Officers 3-5 stood by and watched as Officer Jake Driskell and Officers 1-2 unlawfully searched Plaintiff's home. Officer 3's failure to stop the arrest of the Plaintiff after asking if they were "really going to take her to jail" was reckless disregard of the safety and well-being of the Plaintiff and her children who at the time were not engaged in any criminal activity at the time the police entered the home without a warrant.

67.  Plaintiff asserts that Officer 6's response of "It's not up to me" and "I'm just doing my job" when asked why they were arresting Plaintiff was reckless disregard of the safety and well-being of the Plaintiff who at the time was not engaged in any criminal activity at the time the police entered the home without a warrant.

## TENTH CLAIM FOR RELIEF
## CIVIL CONSPIRACY

68. Defendants' collectively under the color of state law as officers for the Jones County Sheriff's Department, agreed, amongst themselves to unlawfully search the home of Plaintiff and to arrest Plaintiff with no probable cause. The Defendants further agreed conceal their wrongful actions.

69. As a direct and proximate cause of the unlawful search and detention, Plaintiff suffered economic and non-economic damages including mental suffering and emotional pain and suffering.

## TORT CLAIMS

70. The individual Defendants are also liable to Plaintiff under Mississippi law for their wrongful acts which harmed and/or caused damage to the Plaintiffs.

71. Based on the facts and circumstances set forth herein, the Plaintiff is asserting the following claims against the individual Defendants: intentional infliction of emotional distress; false imprisonment; assault; battery; trespass; libel; and abuse of process.

72. As a direct and proximate result of said acts, Plaintiff suffered and will continue to suffer damages including damage to reputation, emotional pain and suffering, emotional distress, and financial losses for which Defendants are liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mekeshia Hayes request that judgment be entered in her favor and against Defendants as follows:

1. Compensatory damages in an amount according to proof at trial;

2. Punitive damages in an amount according to proof at trial;

3. Attorney fees and costs of suit pursuant to 42 U.S.C. § 1988;

4.  Ordinary taxable costs of suit;

5.  Any other further relief as the Court deems just and appropriate.

PLAINTIFFS REQUEST TRIAL BY JURY

This the 30th day of June, 2020.

                                        Respectfully submitted,

                                        Christian Medina

OF COUNSEL

Kenneth C. Miller (MSB#10043)
Christian Medina (MSB#105708)
DANKS MILLER & CORY
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160