IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MEKESHIA HAYES**                                                                     **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.: 2:20-cv-00118-TBM-MTP**

**JONES COUNTY, MISSISSIPPI;**
**JONES COUNTY SHERIFF'S DEPARTMENT**
**OFFICER JAKE DRISKELL; and**
**DOE OFFICERS 1-6**                                             **DEFENDANTS**

**JONES COUNTY, MISSISSIPPI, JONES COUNTY SHERIFF'S DEPARTMENT,
AND OFFICER JAKE DRISKELL'S ANSWER TO PLAINTIFF'S COMPLAINT**

Come now, Jones County, Mississippi, Jones County Sheriff's Department, and Officer Jake Driskell, by and through counsel, and, in response to Plaintiff's Complaint, would show unto the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Jake Driskell is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Driskell would affirmatively aver that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## COMPLAINT

## PRELIMINARY STATEMENT

Answering defendants deny each and every allegation contained in the three (3) paragraphs under Preliminary Statement, as stated.

## JURISDICTION AND VENUE

1. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit this Court has jurisdiction over federal claims such as those asserted by Plaintiff. Answering defendants deny the remaining allegations of paragraph 1 of Plaintiff's Complaint.

2. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit this Court has jurisdiction over this matter as it involves federal claims. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit, upon information and belief, that venue is proper in this

Court. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint

4. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit that this Court's pendent jurisdiction allows this Court to likewise address Plaintiff's state law claims, if any. Answering defendants, however, would deny that Plaintiff's state law claims may be tried by a jury. Answering defendants deny the remaining allegations of paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

5. Answering defendants admit, upon information and belief, the allegations of paragraph 5 of Plaintiff's Complaint.

6. Answering defendants admit that Jones County is a political subdivision of the State of Mississippi and that it may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7. Answering defendants deny the allegation of paragraph 7 of Plaintiff's Complaint.

8. Answering defendants admit that Jake Driskell is and was an officer with the Jones County Sheriff's Department and may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

### THE WARRANTLESS SEARCH

10. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 10 of Plaintiff's Complaint and, as such, deny the same.

11. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint and, as such, deny the same.

12. Answering defendants admit they entered the home pursuant to a valid search warrant. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering deny the allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendants admit Desmond Hicks was questioned about drugs. Answering defendants deny the remaining allegations of paragraph 14 of Plaintiff's Complaint.

### THE ARREST OF MEKESHIA HAYES:

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint, as stated.

16.     Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint, as stated.

### PLAINTIFF'S DETENTION FEBRUARY 13, 2020:

17.     Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint, as stated.

18.     Answering defendants deny the allegations of paragraph 18 of Plaintiff's Complaint, as stated.

### PLAINTIFF'S DETENTION FEBRUARY 14, 2020

19.     Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint, as stated.

### PLAINTIFF'S DETENTION FEBRUARY 15, 2020

20.     Answering defendants deny the allegations of paragraph 20 of Plaintiff's Complaint, as stated.

### PROPERTY DAMAGE

21.     Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

### DEFAMATION

22.     Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

23. Answering defendants admit upon information and belief that defendants' conduct was carried out under color of state law. Answering defendants deny the remaining allegations of paragraph 23 of Plaintiff's Complaint.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendants deny the allegations of paragraph 27 of Plaintiff's Complaint.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

31. Answering defendants deny the allegations of paragraph 31 of Plaintiff's Complaint.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

34. Answering defendants deny the allegations of paragraph 34 of Plaintiff's Complaint.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiff's Complaint.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF
### UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

37. Answering defendants deny the allegations of paragraph 37 of Plaintiff's Complaint.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiff's Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40. Answering defendants deny the allegations of paragraph 40 of Plaintiff's Complaint.

41. Answering defendants deny the allegations of paragraph 41 of Plaintiff's Complaint.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiff's Complaint.

43. Answering defendants deny the allegations of paragraph 43 of Plaintiff's Complaint.

44. Answering defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO KNOW THE NATURE OF THE CHARGES AGAINST HER UNDER 42 U.S.C. § 1983

45. Answering defendants deny the allegations of paragraph 45 of Plaintiff's Complaint.

46. Answering defendants deny the allegations of paragraph 46 of Plaintiff's Complaint as written.

47. Answering defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

48. Answering defendants deny the allegations of paragraph 48 of Plaintiff's Complaint as written.

49. Answering defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

**SEVENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

51. Answering defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52. Answering defendants deny the allegations of paragraph 52 of Plaintiff's Complaint.

53. Answering defendants deny the allegations of paragraph 53 of Plaintiff's Complaint.

54. Answering defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

55. Answering defendants deny the allegations of paragraph 55 of Plaintiff's Complaint.

56. Answering defendants deny the allegations of paragraph 56 of Plaintiff's Complaint.

57. Answering defendants deny the allegations of paragraph 57 of Plaintiff's Complaint.

58. Answering defendants deny the allegations of paragraph 58 of Plaintiff's Complaint.

59. Answering defendants deny the allegations of paragraph 59 of Plaintiff's Complaint.

60. Answering defendants deny the allegations of paragraph 60 of Plaintiff's Complaint, including subparagraphs A through F.

## EIGHTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE: MISCONDUCT

64. Answering defendants deny the allegations of paragraph 64 [sic] of Plaintiff's Complaint.

65. Answering defendants deny the allegations of paragraph 65 [sic] of Plaintiff's Complaint.

## NINTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE: FAILURE TO ACT

66. Answering defendants deny the allegations of paragraph 66 [sic] of Plaintiff's Complaint.

67. Answering defendants deny the allegations of paragraph 67 [sic] of Plaintiff's Complaint.

## TENTH CLAIM FOR RELIEF
## CIVIL CONSPIRACY

68. Answering defendants deny the allegations of paragraph 68 [sic] of Plaintiff's Complaint.

69. Answering defendants deny the allegations of paragraph 69 [sic] of Plaintiff's Complaint.

## TORT CLAIMS

70. Answering defendants deny the allegations of paragraph 70 [sic] of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any recovery whatsoever.

71. Answering defendants deny the allegations of paragraph 71 [sic] of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any recovery whatsoever.

72. Answering defendants deny the allegations of paragraph 72 [sic] of Plaintiff's Complaint.

Answering defendants further deny each and every allegation contained therein, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiff, Mekeshia Hayes . . ." answering defendants deny each and every allegation contained therein including subparagraphs 1 through 5 and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they have met or exceeded the requirements of

law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)  The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)  The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)  The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## THIRTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

## FOURTEENTH DEFENSE

Any allegations contained in Plaintiff's Complaint which are not specifically admitted, are hereby denied.

And now, having answered Plaintiff's Complaint filed against them, answering defendants request that the same be dismissed, and that they be discharged with costs assessed against the Plaintiff.

**DATE:** **January 12, 2021.**

                        Respectfully submitted,

                        **JONES COUNTY, MISSISSIPPI, JONES COUNTY SHERIFF'S DEPARTMENT, AND OFFICER JAKE DRISKELL**

                        BY:    */s/ William R. Allen*
                                One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB#105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

15

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for defendants Jones County, Mississippi, Jones County Sheriff's Department, and Officer Jake Driskell, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system, which gave notification of the same to:

>Christian Medina, Esq.
>DANKS MILLER & CORY
>P.O. Box 1759
>JACKSON, MISSISSIPPI 39215
>cmedina@dmclaw.net
>   *Attorney for Plaintiffs*

This, the 12th day of January, 2021.

>*/s/ William R. Allen*
>OF COUNSEL