IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MEKESHIA HAYES**                                                                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.: 2:20-cv-00118-TBM-MTP**

**JONES COUNTY, MISSISSIPPI;
JONES COUNTY SHERIFF'S DEPARTMENT
OFFICER JAKE DRISKELL; and
DOE OFFICERS 1-6**                                                                                **DEFENDANTS**

**OFFICER JAKE DRISKELL'S MEMORANDUM
OF AUTHORITIES IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

Comes now, Officer Jake Driskell, by and through counsel, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Uniform Rule 16, submits his Memorandum of Authorities in Support of Motion for Judgment on the Pleadings based on Qualified Immunity, as follows:

**INTRODUCTION**

According to Plaintiff's Complaint, this matter arises out of an alleged warrantless search of her home and subsequent arrest that took place on February 13, 2020. *Compl. CM/ECF Doc. No. 1*.

Plaintiff alleges that upon noticing "blue lights outside of her home," she "went to the door." *Compl.* ¶ 10. Prior to her opening the door, however, Plaintiff alleges an unnamed deputy kicked open her door. *Id.* ¶ 11. Plaintiff alleges that at this point Officer Jake Driskell entered her home. *Id.* ¶ 12. Following the officers' entry, Plaintiff alleges that

as officers searched the home for drugs "she was guarded by a deputy with an assault rifle." *Id*. ¶ 13. She also alleges that she "asked the deputies why there [sic] were there and if they had a search warrant." *Id*. ¶ 12.

Following the search of the home and alleged conversations about drugs in the home, Plaintiff alleges that she was arrested without probable cause for possession with the intent to distribute. *Id*. ¶ 17. She was subsequently released from jail on February 15, 2020. *Id*. ¶ 20.

On these foundational allegations, Plaintiff seeks relief against Jones County, Mississippi (the "County"), Jones County Sheriff's Department ("JCSD"), Officer Jake Driskell "in his individual and capacity," and Doe Officers 1-6 under 42 U.S.C. § 1983 and, presumably, the Mississippi Tort Claims Act. *Id*. ¶ 8. The instant Motion and Memorandum relates to any **federal law claims** raised against Officer Driskell in his individual capacity.

Officer Driskell raised qualified immunity as a defense in his Answer and, as further set out below, Plaintiff's Complaint is not sufficient to remove Officer Driskell's protective shield.

**CLAIMS ALLEGED SPECIFICALLY AGAINST OFFICER DRISKELL**

Plaintiff's Complaint lists the following cause of action specifically against Officer Driskell: (a) Gross Negligence: Misconduct. *Id*. ¶¶ 64, 65. The remainder of Plaintiff's various claims generically lump all "defendants" together without alleging how each individual defendant was personally involved or how they directly participated. Furthermore, defendants are a County, a County agency, and that agency's employees,

and Plaintiff has pled scant information on how to differentiate defendants within her causes of action.

Regarding Officer Driskell, personal involvement or direct personal participation is required for individual liability in a civil rights action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); see also *Borden v. Jackson County*, 2012 U.S. Dist. LEXIS 134400 (S.D. Miss. Aug. 24, 2012)(holding that a plaintiff must demonstrate personal participation in alleged unconstitutional conduct). Here, Plaintiff's Complaint lists the following direct personal involvement claims against Officer Driskell:

> **EIGHTH CLAIM FOR RELIEF**
> **GROSS NEGLIGENCE: MISCONDUCT**
>
> 64. Defendants Jake Driskell and Officers 1-2 unlawfully searched Plaintiff's home, threatened Plaintiff with calling Child Protective Services, and arresting Plaintiff with no probable cause.
>
> 65. Based on the facts and circumstances set forth herein, the Plaintiff asserts that the Defendants acted in reckless disregard of the safety and well-being of the Plaintiff and her children who at the time were not engaged in any criminal activity at the time the police entered the home without a warrant.

*Id*. ¶¶ 64, 65. Plaintiff's pleading here is problematic for several reasons.

First, sans a specific Section 1983 reference, Officer Driskell does not know whether this is meant to be a federal or state law claim. Second, the language of ¶ 65 tends to show that this is a state law claim as it is rooted in negligence and alleges "reckless disregard." Notably here, Plaintiff's claims 1-7 all cited 42 U.S.C. § 1983 in their headings; this one clearly does not, which gives credence to the notice that this is meant to be a state

law claim. Third, provided that Plaintiff intends this to be a Section 1983 claim, negligence claims are not actionable because they fail to establish a constitutional violation. *Daniels v. Williams*, 106 S.Ct. 662, 666 (1986); *see also, Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). Based on Plaintiff's confusing pleading, if taken to be a federal claim for negligence, it is due to be dismissed.

Yet, looking at Plaintiff's pleading in its entirety, ¶ 64 perhaps sheds some light on which of her federal claims she intended to assert against Officer Driskell: (a) illegal search and seizure; and (b) threatening language. *Compl.* ¶ 64. To the extent this Court views those claims as well-pleaded against Officer Driskell, he is entitled to qualified immunity on the same.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *See, Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, 2:12-CV-57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010).

Thus, to survive the instant Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *See, Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its

4

face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

**LEGAL ARGUMENT**

As this Court is well aware, law enforcement officials, like Officer Driskell, "acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also*, *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in *Saucier* is not

mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good faith performance of their duties." *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. *See*, *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); *see also*, L.U. Civ R. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "**must present more than bald allegations and conclusory statements**." *Wicks*, 41 F.3d at 995. In fact, a plaintiff must "allege with sufficient particularity **all facts** establishing a right to recovery, including facts which negate the official's immunity defense." *Id.; see also, Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions

alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff).

Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff has failed to allege facts specifically focusing on any of Officer Driskell's conduct that would amount to an injury-causing constitutional violation. Accordingly, this Court must dismiss or, alternatively, require a *Schultea* Reply. *Wicks*, 41 F.3d at 995.

### I.   PLAINTIFF FAILS TO ESTABLISH FOURTH AMENDMENT CLAIMS AGAINST OFFICER DRISKELL UPON WHICH RELIEF MAY BE GRANTED

#### A.   A Valid Warrant was in Place

As Plaintiff's first heading under her Statement of Facts suggests, the genesis of her Complaint is in an alleged warrantless search. The search, however, was not warrantless as on February 13, 2020, Jones County Justice Court Judge David Lyons signed a warrant against "Desmond Hicks and other Occupants Unknown" who may be at 1350 Ellisville Blvd., Lot F. *See*, *Warrant/Affidavit*.

"'[T]he court "**must** . . . consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice."'" *Ingham Reg'l Med. Ctr. v. United States*, No. 13-821C at *16 (Fed. Cl. 2016)(quoting *Bell/Heery v. United States*, 106

7

Fed. Cl. 300, 307 (2012), *aff'd,* 739 F.3d 1324 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir. 2014)(quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007))). This Court, upon request, may take judicial notice of a fact not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). Here, the warrant issued, and its supporting affidavit, by the Jones County Justice Court on February 13, 2020, are such documents and Officer Driskell respectfully requests this Court to take judicial notice of the same.

Plaintiff's Complaint simply asserts that Officer "Driskell **and Officers 1-2** unlawfully searched Plaintiff's home, threatened Plaintiff with calling Child Protective Services, and arresting Plaintiff with no probable cause." *Compl.* ¶ 64. These allegations incorporate by reference the existence of a search warrant and make the warrant integral to a defense of Plaintiff's claims. *See*, *Skyy v. City of Arlington*, No. 17-10529 at *9 n.4 (5th Cir. 2017);[1] *Ingham*, No. 13-821C at *16; Fed. R. Civ. P. 10(c). The Court may consider evidence of the warrant here without converting the present motion to one for summary judgment. *Warner v. Ledbetter,* No. 3:18-cv-190-TSL-RHW at *7 n.2 (S.D. Miss. 2018)(citing *Collins v. Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Martin v. Rainbow Casino*, No. 5:11cv142-DCB-RHW, 2012 WL 1883673, at *1 (S.D. Miss. May 22, 2012)).

---

[1] "[C]ourt[s] may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013)(per curiam)(citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The warrant in this case shows that the search of Plaintiff's home was not unlawful. As such, this Court should outright dismiss Plaintiff's unlawful search claim. To the extent the Court does not so dismiss, Officer Driskell is nevertheless entitled to qualified immunity on the claim as his entry, based on the issued warrant, does not amount, in and of itself, to a constitutional violation. When a plaintiff cannot establish a constitutional violation, then a court need not go any further concerning qualified immunity. *See*, *Saucier*, 533 U.S. 194. Furthermore, Plaintiff's Complaint does not present anything more than "bald allegations and conclusory statements" with respect to Officer Driskell and does not contain allegations sufficient to demonstrate Officer Driskell acted in an objectively unreasonable manner. *Wicks*, 41 F.3d at 995. Accordingly, this Court must dismiss Plaintiff's unlawful search claim.

    **B.**    **Plaintiff's Complaint is not Sufficiently Specific to Remove Officer Driskell's Shield of Qualified Immunity with Respect to Her False Arrest for Lack of Probable Cause Claim**

Officer Driskell is also entitled to qualified immunity as to Plaintiff's false arrest for lack of probable cause allegation as (a) Petitioner has not specifically pled who arrested her, either Officer Driskell or Doe Officers 1 or 2; (b) the arrest was made pursuant to a properly issued search warrant; and (c) "the constitution does not guarantee that only the guilty will be arrested." *Peters v. City of Biloxi, Mississippi*, 57 F.Supp.2d 366, 371 (S.D. Miss. 1999)(citing *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)).

By lumping Officer Driskell and Doe Officer 1 and 2 together in her false arrest for lack of probable cause claim, she has deprived this Court of "specific facts that both allow

the court to draw the reasonable inference that [Officer Driskell] is liable for the harm [she] has alleged and that defeat a qualified immunity defense with equal specificity." *Tilman v. Clarke Cnty.*, No. 2:20-CV-10-KS-MTP at *4 (S.D. Miss. 2021)(quoting *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015)). Plaintiff has further failed to "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff . . . ." *Schultea*, 47 F.3d at 1432.

Here, Plaintiff has specifically named Officer Driskell, which suggests she can identify him in some way. That she named the other officers as Doe defendants speaks to this fact. She does not, however, name any specific actions taken by Officer Driskell with respect to her arrest. She does not mention that he handcuffed her, Mirandized her, or even placed her in the back of his car. It strains all reason then that if it were Officer Driskell who arrested her, based on her being able to identify him, she would not clearly and specifically state what he did. This Court, therefore, cannot draw a reasonable inference that Officer Driskell arrested Plaintiff.

As the affidavit supporting the warrant shows, the search warrant issued against "Desmond Hicks and other Occupants Unknown" was on the basis of underlying facts and circumstances showing that Hicks was in the possession of and/or selling controlled substances from his home at 1350 Ellisville Blvd. Lot F. *Affidavit/Warrant*. Plaintiff's Complaint alleges this exact address as her home. *Compl.* ¶ 10. The face of Plaintiff's Complaint coupled with the affidavit and warrant show that probable cause existed here for Plaintiff's arrest.

"Probable cause exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been committed and that the individual arrested is the guilty party." *Brown v. Sudduth*, 675 F.3d 472, 480-81 (5th Cir. 2012). The facts available at the time of the arrest are spelled out in the Underlying Facts and Circumstances section of the affidavit supporting the warrant.

> On the 27th day of January, 2020, Agents Driskell and Brogan met with a Confidential Informant that has proven to be creditable in the past, that stated that he could buy methamphetamine from Desmond Hicks in Laurel, MS. At that time arrangements were made to purchase meth from Hicks at his mobile home at Twin Pines Trailer Park. After arrangements were made the C.I. was equipped with a departmental audio and video recording device and issued a sum of official funds to make a controlled narcotic buy from Hicks. The C.I. was searched for any contraband or currency and none were found. The C.I. then departed the predetermined location and went to Hicks' mobile home where Hicks sold the C.I. approximately 2 grams of a white crystal-like substance believed to be methamphetamine. The C.I. then departed from Hicks and turned the suspected meth over to Sgt. Driskell.
>
> Sgt. Driskell performed a field test on the suspected meth and the test indicated positive for methamphetamine. Also, after reviewing the video Sgt. Driskell identified the individual that sold the meth as Desmond Hicks.
>
> On the 13th day of January, 2020, Sgt. Driskell and Agent Brogan conducted surveillance at 1350 Ellisville Blvd. lot F being the home of Desmond Hicks. During this time, agents saw several cars pull up to the trailer, stay only minutes, and then leave. Through Sgt. Driskell's training and experience this is a common way that drugs are distributed from a residence. Also, on the same date Sgt. Driskell spoke with a C.I. who stated that he/she had spoken with Hicks and that Hicks had some meth for sale at his home at this time.

*Affidavit/Warrant*.[2] Looking at the totality of the circumstances here, this Court can see that there is an arguable basis for probable cause based on the fair probability that

---

[2] Based on the chronology of the Underlying Facts and Circumstances section of the affidavit and the date of the warrant, the last paragraph likely contains a typographical error with respect to "the 13th day of January, 2020."

11

Plaintiff was involved with criminal activity. *Beeding v. Hinds Cnty.*, No. 3:10cv713-DPJ-FKB at *5, 6 (S.D. Miss. 2013)(quoting *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999)). Namely that on the date of the arrest, officers, who were aware that the residence was involved with some level of Schedule I drug distribution via a confidential informant ("C.I."), noticed several cars pulling up to the residence and shortly leaving thereafter in a manner consistent with drug distribution. Plaintiff was inside the residence during this time.

Notably, "fair probability is something more than a bare suspicion, but need not reach the fifty percent mark." *Garcia*, 179 F.3d at 269. Based on the arguable basis for probable cause here, Officer Driskell cannot outright lose his qualified immunity. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). This comports with the idea that "when an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit if a reasonable officer could have believed [the arrest at issue] to be lawful, in light of clearly established law and the information the [arresting] officers possessed." *Estate of Manus v. Webster Cnty.*, No. 1:11-CV-00149-SA-DAS at * 7 (N.D. Miss. 2014)(quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (further citation omitted).

To be sure, Officer Driskell is "entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [Officer Driskell] was aware, there was a fair probability that [Plaintiff] had committed or was committing an offense." *Haggerty*, 391 F.3d at 656. Even if Officer Driskell mistakenly concluded that probable cause to arrest Plaintiff existed, he

12

is nonetheless protected by qualified immunity if his actions were reasonable under the totality of the circumstances. *Id*. (citing *Mendenhall*, 213 F.3d at 230).

Qualified immunity on the issues of Plaintiff's arrest is not applicable "where it is obvious that a reasonably competent officer would find no probable cause." *Mendenhall*, 213 F.3d at 230. Such obviousness is not present here. Since officers of reasonable competence could disagree on whether or not there was probable cause to arrest Plaintiff because she was in her home with her boyfriend—who was believed by officers to be selling drugs out of the home based on information from a C.I.—at a time when officers saw several cars pulling up to the residence and shortly leaving thereafter in a manner consistent with drug distribution, this Court should recognize Officer Driskell's immunity. *Id*. (citing *Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994)). As *Babb* pointed out in a parenthetical, "'the issue is "not probable cause in fact but 'arguable' probable cause."'" *Babb*, 33 F.3d at 477 (quoting *Gorra v. Hanson*, 880 F.2d 95, 97 (8th Cir. 1989))(citations omitted). Probable cause arguably existed here, and Officer Driskell should retain his immunity as a result.

Plaintiff's Complaint claims that following her arrest on February 13, 2020, she "was released from jail and all charges were dropped." *Compl*. ¶ 20. To the extent Plaintiff seeks to use that statement to bolster her claim that she was falsely arrested, the same fails. As mentioned above, "'[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, Sec. 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released.'" *Mangieri*, 29 F.3d at 1017 (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)). Accordingly, Officer Driskell is entitled to qualified

immunity for Plaintiff's false arrest for lack of probable cause claims. This Court, therefore, should dismiss these claims or, alternatively, require a *Schultea* Reply.

## II. PLAINTIFF'S ALLEGATION THAT OFFICER DRISKELL AND OFFICERS 1-2 THREATED PLAINTIFF WITH CALLING CHILD PROTECTIVE SERVICES IS NOT AN ACTIONABLE CLAIM AND MUST BE DISMISSED

Officer Driskell is entitled to qualified immunity as to Plaintiff's claim that he threatened to call Child Protective Services as (a) Plaintiff's unspecific pleading suffers the same specificity deficiencies mentioned above; and (b) "[m]ere allegations of verbal abuse do not present actionable claims under Sec. 1983." *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993). With no clear constitutional violation here, under *Saucier*, this Court need not go any further with a qualified immunity analysis. Officer Driskell is clearly entitled to qualified immunity with respect to this claim and a *Schultea* Reply is not required on this claim.

## CONCLUSION

Based on the authorities cited herein, as well as those arguments asserted in Movant's Motion for Judgment on the Pleadings based on Qualified Immunity, Officer Jake Driskell is entitled to dismissal of Plaintiff's federal claims against him in their entirety.

**DATE:** **February 5, 2021.**

Respectfully submitted,

**OFFICER JAKE DRISKELL**

BY: */s/ Lance W. Martin*
   One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB#105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Officer Jake Driskell, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgment on the Pleadings based on Qualified Immunity with the Clerk of the Court using the ECF system, which gave notification of the same to:

>Christian Medina, Esq.
>DANKS MILLER & CORY
>P.O. Box 1759
>JACKSON, MISSISSIPPI 39215
>cmedina@dmclaw.net
>        *Attorney for Plaintiff*

This, the 5th day of February, 2021.

>*/s/ Lance W. Martin*
>OF COUNSEL