IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MEKESHIA HAYES**                                                                                          **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO.: 2:20-cv-118-TBM-MTP**

**JONES COUNTY, MISSISSIPPI,** *et al.*                                            **DEFENDANTS**

**PLAINTIFF MEKESHIA HAYES' MEMORANDUM BRIEF IN
OPPOSITION TO DEFENDANT JAKE DRISKELL'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, the Plaintiff, Mekeshia Hayes, by and through counsel of record, and files this her Memorandum Brief in Opposition to Officer Jake Driskell's Motion for Judgment on the Pleadings as follows:

**INTRODUCTION**

This matter arises out of violations of Mekeshia Hayes constitutional rights by the Jones County Sheriff's Office, Officer Jake Driskell, and Doe Officers 1-6. On the night of February 13, 2020, seven officers led by Jake Driskell unlawfully entered Mekeshia Haye's home without knocking. The officers did not present a search warrant even when asked. The officers proceeded to search the home for drugs.

Despite not finding any drugs and not having probable cause, the officers arrested Ms. Hayes as well as her boyfriend Desmond Hicks. Ms. Hayes was then illegally held at the Jones County Detention Center for two days. During this time, she was never notified of the charges against her. She was not provided with a reason for being detained nor was she given an initial appearance.

On February 14, 2020, Desmond Hicks was taken before a Judge and notified of the charges against him. At that time, Desmond Hicks was a given copy of the search warrant.

However, Ms. Hayes was kept in jail. It was not until the next day, February 15, 2020, that Ms. Hayes was released. At that time, she was told that the charges against her had been dropped.

As a result of the wrongful arrest and false imprisonment of Ms. Hayes, she filed this lawsuit. Now Officer Driskell has filed for a Judgment on the Pleadings arguing that: (1.) He is entitled to qualified immunity; (2) the facts are not sufficient to establish a plausible claim; (3.) No constitutional violation occurred because there was valid search warrant; and (4.) Officer Driskell is entitled to qualified immunity with regards to the false arrest because it was not specifically pled who arrested Ms. Hayes, the arrest was valid because of the warrant, and the constitution does not guarantee that innocent people will not get arrested.

## **STATEMENT OF FACTS**

The following facts are alleged in the Complaint and must be taken as true for the purposes of the pending motion.

1. On the night of February 13, 2020, Plaintiff Mekeshia Hayes ("Mekeshia") was at her home when she noticed blue lights outside of her home.

2. Mekeshia went to the door, but, before Mekeshia could open the door, officers of the Jones County Sheriff's Office kicked it open.

3. Mekeshia asked the officers why they were there and if they had a warrant to be in her home. The officers told Mekeshia to shut and sit down.

4. One officer stood watch over Mekeshia while the several others searched the home. The officers questioned Mekeshia's boyfriend, Desmond Hicks, who was also inside the home. The officers asked about drugs inside the home, but Hicks told the officers that there were not any dugs. The officers then told Hicks that if he told them where the drugs were, they would let Mekeshia go free.

5. The officers resorted to threats to find any drugs. The officers threatened to take Mekeshia to jail to teach her a lesson. The officers also threatened to call Child Protective Services to take away Mekeshia's children.

6. Mekeshia was then handcuffed. One of the officers asked if they were really going to take her jail.

7. Mekeshia was placed in the back of a vehicle. Mekeshia asked why she was being arrested. An officer responded that it was not up to him, he was just doing his job.

8. Mekeshia was taken to the Jones County Detention Center where she spent two days. She was not notified of the charges against her and taken to Court.

9. Desmond Hicks did have a court hearing and was given the search warrant at this hearing.

10. On February 15, 2020, Mekeshia was released from jail and was told that the charges against her were dropped.

11. Upon returning home, Mekeshia found the door to her home destroyed as well as bedroom, dressers, shelves, and laundry room.

12. Mekeshia's mugshot was placed in *The Laurel Leader Call* under the charge of "Possession of Methamphetamine-Warrant."

## **CLAIMS ALLEGED**

In her Complaint, Mekeshia filed the following claims

1. Deprivation of Federal Rights under 42 U.S.C. § 1983;

2. False Arrest under 42 U.S.C. § 1983;

3. Excessive Force under 42 U.S.C. § 1983;

4. Unreasonable Search and Seizure under 42 U.S.C. § 1983;

5. Malicious Abuse of Process under 42 U.S.C. § 1983;

6. Denial of Constitutional Right to Know the Nature of the Charges Against Her under 42 U.S.C. § 1983;

7. Municipal Liability under 42 U.S.C. § 1983;

8. Gross Negligence: Misconduct

9. Gross Negligence: Failure to Act

10. Civil Conspiracy

11. Tort Claims

    i. False Imprisonment,

    ii. Assault,

    iii. Battery,

    iv. Trespass,

    v. Intentional Infliction of Emotional Distress,

    vi. Libel, and

    vii. Abuse of Process

## **STANDARD FOR JUDGMENT ON THE PLEADINGS**

The standard for a Judgment on the Pleadings is the same as dismissal for failure to state a claim under 12(b)(6). *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is a two-step inquiry where the Court must first identify the complaint's well-pleaded factual content. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Second, the Court asks whether the remaining allegations "are sufficient to nudge the Plaintiff's claim across the

plausibility threshold. *Id.* Well-pleaded facts will be accepted as true, viewing them in the light most favorable to the plaintiff. *Bosarge,* 796 F.3d at 435.

## ARGUMENT

### 1. Denial on Procedural Grounds

On procedural grounds, this motion for judgment of the pleadings must be dismissed or otherwise be converted to a motion to dismiss. Rule 12(c) of the Federal Rules of Civil Procedure states that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. This motion for judgment on the pleadings was filed prior to the Case Management Conference scheduled for February 18, 2021. *(ECF #12).* No deadline to amend the pleadings has been issued. Therefore, this motion is premature because the pleadings have not yet been closed. This motion should be denied. However, should the Court continue to consider Defendant Driskell's motion, Plaintiff requests that this motion be converted to and considered as a motion to dismiss and not as a motion for judgment on the pleadings.

### 2. Qualified Immunity

Defendant first argues that qualified immunity shields him from this lawsuit. As this Court is well aware, qualified immunity is a two-step inquiry. A plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Waller*, 922 F.3d at 599.

Mekeshia had a Fourth Amendment right with respect to unreasonable searches and seizures. By failing to knock and announce before breaking into the home, the investigation and search led by the Defendant Driskell violated that right. Second, Mekeshia had a right to not be deprived of her liberty without Due Process of Law under the Fifth Amendment as well as the protections afforded to her under the Fourth and Fourteenth Amendments. The defendants

involved in the investigation led by Defendant Driskell violated that right when they arrested, handcuffed, and detained Mekeshia at the Jones County Detention Center despite not finding any drugs inside the home. There was no probable cause for her arrest. Third, the defendants caused to be published on the *Laurel Leader Call* that Mekeshia had been arrested for an alleged "Possession of Methamphetamine" This information provided by the Defendants was false and defamatory. Ms. Hayes was not found in possession of any drugs, much less methamphetamine. To the extent that the Defendants arrested Ms. Hayes for possession of methamphetamine, Defendants told a defamatory lie, lacked probable cause, and falsely imprisoned her.

Defendant Driskell and defendants involved in his investigation illegally threatened Mekeshia. She was questioned without being advised of her constitutional rights despite being suspected by Defendant Driskell of concealing drugs in her home. When the officers did not get the answer they wanted to hear, they subsequently arrested Mekeshia in retaliation and to teach her a lesson. They took her in handcuffs to the Jones County Detention Center. In doing so Defendant Driskell and the other deputies involved in his investigation violated Mekeshia's Eight Amendment right to be free from cruel and unusual punishment. In this case, Mekeshia had a right not to answer any questions, but she told the officers there were no drugs. Mekeshia told the truth and her constitutional rights were violated simply because the deputies involved in Defendant Driskell's investigation did not believe her ever though they had no evidence.

Finally, Mekeshia had similar rights under the Mississippi Constitution. Once arrested, Mekeshia had a right to a telephone call, to be released on her own recognizance, to be given a bond, or to be taken to a judge without unnecessary delay. By imprisoning Mekeshia in a holding cell, while allowing Hicks to see a judge, Defendant Driskell and the defendants involved in his investigation violated Mekeshia's rights under the Mississippi Constitution as well as her

Fourteenth Amendment rights.

In reviewing the factual matters as alleged, Defendant Driskell is not entitled to qualified immunity and his request for judgment on the pleadings must also be denied.

### 3. The Warrant

The pleadings allegethat Officers from the Jones County Sheriff's Office entered into Mekeshia's home unannounced and without knocking. Defendant requested for and was given a search warrant from an ongoing investigation into Desmond Hicks. *(ECF #13-1)*. The search warrant was granted to the Defendant by the Justice Court Judge of Jones County. *(ECF #13-1)*. The Defendant requested a no-knock warrant alleging in his affidavit that evidence could be destroyed, but that request, when looking at the facts in a light most favorable to Plaintiff, was not granted. Mekeshia was not identified in the search warrant.

Under the Fourth Amendment, citizens have an expectation of privacy in their homes. The Fourth Amendment embodies the common law principle that police officers should knock and announce their presence before they enter a private home. *U.S. v. Cantu*, 230 F.3d 148, 151 (5th Cir. 2000)(finding that the entry into the defendants home without knocking violated the Fourth Amendment because there was no showing that the defendant was armed or posed an immediate danger). In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous and futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. *Id.* By requesting and not being granted a "no-knock" warrant, Defendants had the obligation to knock before entering the home. Yet, the officers involved the Defendants investigation did not do so. So even if there was a valid warrant in place, the procedure in executing that warrant violated Mekeshia's right under the Fourth Amendment.

### 4. The Arrest

No drugs were found during the search of Mekeshia's home. Rather than leaving the home at that point, the officers continued to detain Mekeshia and illegally to interrogate her without advising her of her right to remain silent. The officers threatened to take Mekeshia to jail for refusing to tell them where the drugs were. In doing so, they simply did not believe her. As a result, the officers retaliated and falsely imprisoned Mekeshia. While the Defendant is correct that the "constitution does not guarantee that the only the guilty will be arrested," the Fourth and Fourteenth Amendments does protect against false imprisonment. *Hand v. Gary*, 838 F.2d, 1420, 1428 (5th Cir. 1988). The right to be free from illegal and retaliation arrests plainly enjoys constitutional protection. *Id.*

Defendant Driskell argues that the arrest was valid because there was a proper search warrant. The existence of the search warrant in this case, which did not name Mekeshia, does not protect the Defendants from their willful actions in this case. Probable cause was necessary.

*Smith v. Gonzales* is a good example of what probable cause is. In *Smith*, the plaintiff was suing under § 1983 for being arrested for incest and carnal knowledge of a minor. *Smith*, 670 F.2d 522 (5th Cir. 1982). The plaintiff was initially stopped by the Baton Rouge Police Department after threatening to kill his daughter's boyfriend. The plaintiff was apprehended but then released. The plaintiff's daughter went to pick up some of her belongings at the police station and was asked by one of the officers if she had sexual relations with her father. After several minutes, the daughter admitted that she had an incestuous relationship with her father for the past two years. The officer obtained a warrant to have the plaintiff committed to a psychiatric facility. Soon after an arrest warrant was issued against the plaintiff, and he was released on bond. A second charge arose five months later for carnal knowledge of a minor. The plaintiff went to trial on the incest charge and

was found not guilty. The carnal knowledge was subsequently dismissed by the district attorney.

The *Smith* Court dismissed the plaintiff's claim after making a two prong analysis. First the *Smith* Court asked if the arrest was made under authority of a properly issued warrant. *Id.* at 526. If it was, the arrest was not false. *Id.* If there was a false arrest, then the Court asks if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury. *Id.* The intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party. *Id.* The *Smith* Court found that the answer to both questions was yes. A judge had issued an arrest warrant based upon the statements made by the victim, and the plaintiff had been placed in criminal proceedings. The probable cause and the warrant were sufficient in the *Smith* case.

Here, however, there was no probable cause. In looking at the facts pled, the search warrant requested by and executed by Defendant Driskell did not result in any drugs being found inside the home. That led to the illegal interrogation about the whereabouts of these alleged drugs. Despite no probable cause, the Defendants led by Defendant Driskell arrested Mekeshia. Unlike in *Smith*, here there was no arrest warrant nor were there any charges against Mekeshia. Defendant Driskell and the defendants cannot even show they had any reasonable suspicion that she had committed a crime. While the Defendant argues that there was probable cause "based on the fair probability that Plaintiff was involved in the criminal activity," fair probability is not the standard. Probable cause is the standard. The affidavit points to one person: Desmond Hicks. Hicks, and not Mekeshia, had previously been arrested by the Defendant. The first person interrogated was Hicks. No drugs were found in the home. The arrest of Mekeshia was constitutionally invalid and it is therefore plausible that Mekeshia's Fourth, Fifth, and Fourteenth Amendment rights were violated.

**5.      Dismissal of Defendant Driskell would be a miscarriage of justice.**

Dismissal for Judgment on the Pleadings is not warranted at this stage of the proceedings. Defendant Driskell has argued that he should be dismissed from this case because it cannot be verified through the Complaint which office took what action. Without discovery, it is difficult to know the full names of the defendants involved in Defendant Driskell's investigation. What is known is that this was Defendant Driskell was investigating Desmond Hicks, and Defendant Driskell requested and was granted the search warrant. To dismiss the Defendant leading this investigation would be a miscarriage of justice. However, should this Court find that Defendant Driskell should be dismissed Mekeshia asks that it be a dismissal without prejudice.

## CONCLUSION

Defendant Driskell and the defendants unlawfully conducted this search into Mekeshia's home. There are sufficient facts to demonstrate the Mekeshia's constitutional rights were violated by Defendant Driskell and the defendants involved in the investigation. When looking at the facts set out in this case, Defendant Driskell is not entitled to a dismissal based on qualified immunity, and the facts are sufficient to establish a plausible claim by the Defendants. Therefore, this motion should be denied.

Respectfully submitted, this the 5th day of March 2021.

PLAINTIFF

By: */s/Christian Medina*
     Christian Medina

Of counsel:

Christian Medina (MSB#105708)

DANKS MILLER & CORY
213 South Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601-957-3101

## CERTIFICATE OF SERVICE

I, Christian Medina, do hereby certify that I have this date electronically filed the foregoing documents with the clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

THIS the 5th day of March 2021.

*/s/Christian Medina*.
Christian Medina