## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

|  |  |
|---|---|
| MEKESHIA HAYES  *Plaintiff*,  v.  JONES COUNTY, MISSISSIPPI; JONES COUNTY SHERIFF'S DEPARTMENT OFFICER JAKE DRISKELL; and DOE OFFICERS 1-6  *Defendants*. | Civil Action No. 2:20-cv-118-TBM-MTP |

## FIRST AMENDED COMPLAINT

[JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, Mekeshia Hayes, who, by and through undersigned counsel, and files this her First Amended Complaint against the Defendants as follows:

### PRELIMINARY STATEMENT

This is a civil rights action seeking monetary damages against Defendants for violating certain of the Plaintiff's rights guaranteed by the United States Constitution and Mississippi law. More specifically, on February 13, 2020, Mekeshia Hayes was at her home in Laurel, Mississippi when officers from the Jones County Sheriff's Office broke through her door and searched her home for alleged drugs. The Officers ignored Ms. Hayes requests for a copy of a warrant.

The officers questioned Ms. Hayes, as well as her boyfriend Desmond Hicks, about alleged drugs inside the home. When Ms. Hayes said she did not know anything about any drugs, the

1

officers threatened to arrest her and report her to Child Protective Services. Because she did not know about any drugs in her home, there was nothing she could tell. So the officers carried out their threats and arrested her, despite the fact that their search found that there were no drugs in the home.

Ms. Hayes was left in jail from February 13, 2020 to February 15, 2020. She was never allowed to see a judge. The Jones County Sheriff's Department sent Ms. Hayes' mugshot to the local newspaper advising that she had been charged with possession of methamphetamine with the intent to distribute. "The Laurel Leader Call" published Ms. Hayes' mugshot with the representation that she had been charged for possession of methamphetamine with the intent to distribute. However, Ms. Hayes was never charged and no affidavits or arrest warrants were filed or issued against Ms. Hayes.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law, specifically under provisions of the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343.

2. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The claims made in this Complaint occurred and arose in the State of Mississippi, in this District, and in the Hattiesburg Division. Venue therefore lies in this Court pursuant to 28 U.S.C. § 1391.

4. Pursuant to 28 U.S.C. § 1367, this Court also has pendent jurisdiction to hear state law claims.

5.

## THE PARTIES

6. Plaintiff MEKESHIA HAYES is a natural person and a citizen of the United States and the State of Mississippi.

7. Defendant JONES COUNTY is a governmental entity of the State of Mississippi, and may be served with process through its registered agent for service of process, Chancery Clerk Bart Gavin, at 415 N. 5th Avenue, Laurel, MS 39441.

8. Defendant JONES COUNTY SHERIFF'S DEPARTMENT is the primary law enforcement agency for Jones County. It currently is headed by Sheriff Joe Berlin who took office on January 6, 2020.

9. Defendant OFFICER JAKE DRISKELL is and was at all times relevant to this Complaint a natural person and a Jones County Sheriff's Deputy and may be served with process at 419 Yates Avenue, Laurel, MS 39440. He is sued in his individual and official capacity.

10. Defendant DOE OFFICERS 1-6 are other deputies who personally participated in the wrongful conduct described herein but whose names and specific involvement are currently unknown to the Plaintiff.

## STATEMENT OF FACTS

### THE WARRANTLESS SEARCH

11. On February 13, 2020, at or around 8:00 p.m., Plaintiff Mekeshia Hayes was in her home at 1350 Ellisville Boulevard Lot F in Laurel, Mississippi with her two children when she noticed blue lights outside of her home.

12. Ms. Hayes went to the door. Without knocking, and before Ms. Hayes, could open the door, Doe Officer 1 kicked the door open and entered the home.

13. Officer Jake Driskell and Doe Officers 2-5 then entered Ms. Hayes' home.

3

14. Ms. Hayes asked the deputies why there were there and if they had a search warrant. Doe Officer 1 then told Ms. Hayes to "Shut up and sit down."

15. Ms. Hayes boyfriend, Desmond Hicks, was also present in the home and made some noise in the master bedroom. Officer Driskell and Doe Officers 2-5 proceeded to the master bedroom, and Officer Driskell proceeded to interrogate Desmond Hicks about some alleged drugs.

16. Mr. Hicks replied that there were no drugs in the home.

17. Officer Driskell specifically threatened Mr. Hicks saying, "Tell us where the drugs are. If you tell us we'll let her (Ms. Hayes) go. You shouldn't want her (Ms. Hayes) to go to jail."

THE ARREST OF MEKESHIA HAYES:

18. While Officer Driskell and Doe Officers 2-5 searched the home and interrogated Desmond Hicks, Doe Officer 1 detained Ms. Hayes and her three children in the living room with an assault rifle.

19. While Mr. Hicks was being interrogated, Ms. Hayes asked Doe Officer 1 what was going on. Doe Officer 1 responded by telling Ms. Hayes that, "If you tell him (Officer Driskell) where the drugs are, he (Officer Driskell) will let you go."

20. Ms. Hayes responded that there were no drugs in the home.

21. When Desmond Hicks also continued to deny that there were any drugs in the home, Officer Driskell said, "That's fine we'll take her to jail to piss her off and to teach her a lesson."

22. While Doe Officer 3-5 continued to search the home for alleged drugs, Officer Driskell and Doe Officer 2 returned to the living room.

23. Assuming that Officer Driskell was in charge, Ms. Hayes asked him multiple times why they were there and if he had a search warrant.

24. Officer Driskell stated he "had [the warrant] in the truck," but Officer Driskell never showed Ms. Hayes a copy of the search warrant.

25. Officer Driskell interrogated Ms. Hayes about the whereabouts of alleged drugs. Ms. Hayes responded that there were no drugs in the home.

26. Officer Driskell began threatening to "call Child Protective Services" to take away her children if Ms. Hayes did not tell him where the alleged drugs were.

27. Officer Driskell ordered Ms. Hayes to call someone to pick up her children, and she called her aunt Tyra Blackmon.

28. Before Ms. Blackmon arrived, Ms. Hayes asked Doe Officer 1 if she could pack clothes for her children since it was a school night. Doe Officer 1 allowed her to do this.

29. Ms. Hayes asked multiple times why she was being arrested. Doe Officer 2 responded that she was being arrested for conspiracy, but Officer Driskell told Ms. Hayes that she was being arrested for possession of methamphetamine with the intent to distribute.

30. When Ms. Blackmon arrived, the children were given to her. Ms. Hayes was then handcuffed to be taken to jail.

31. Doe Officer 1 asked, "Are you really going to take (Ms. Hayes) to jail?" Officer Driskell answered, "Yes, we'll do it to piss her off."

32. Ms. Hayes and Desmond Hicks were arrested and then placed in a police unit. Ms. Hares asked Doe Officer 6 why she was being arrested to which Doe Officer 6 responded, "I am just doing my job."

PLAINTIFF'S DETENTION FEBRUARY 13, 2020:

33. Without probable cause, Ms. Hayes was arrested for possession of methamphetamine with the intent to distribute. She was taken to the Jones County Detention Center. Ms. Hayes was ordered to put on a jumpsuit, and her picture was taken.

34. Ms. Hayes was allowed to make a phone call, but was told that she would probably not see a judge until after the weekend since it was President's day weekend. Ms. Hayes was also informed that she could not be given a bond until she saw a judge.

35. That same evening, the Jones County Sheriff's Department arrested Chelsey Morgan for possession of drugs. Chloe Morgan was processed by the Jones County Sheriff's Office.

36. While Ms. Hayes waited to see if she was going to be given a bond or an initial appearance, Chloe Morgan was given a bond, and released by the Jones County Sheriff's Department within two hour of being arrested.

PLAINTIFF'S DETENTION FEBRUARY 14, 2020

37. The following day on February 14, 2020, Ms. Hayes saw a guard and asked when they would set her Court or bail hearing. She was told that she was not on the list to be taken in front of a judge.

38. While Ms. Hayes waited to see if she was going to be given a bond or an initial appearance, Desmond Hicks was given an initial appearance on February 14, 2020.

39. In the Courtroom, he was given a copy of a warrant to search the home of Ms. Hayes.

40. Ms. Hayes was neither afforded a bond or an initial appearance on February 14, 2020.

<u>PLAINTIFF'S DETENTION FEBRUARY 15, 2020</u>

41. On Saturday, February 15, 2020, the Jones County Sheriff's Office called Ms. Blackmon to let her know that Ms. Hayes was being released. Ms. Blackmon was told to go to the Jones County Detention Center to pick up Ms. Hayes and that they were "doing her a favor." When Ms. Blackmon arrived, the Jones County Sheriff's Office released Ms. Hayes.

42. Believing the she had been released on an appearance bond, Ms. Hayes asked for the cost of her bond and who had posted it. Ms. Hayes was informed that on the orders of Officer Driskell, the charges were being dropped.

43. Officer Driskell never filed an affidavit or an arrest warrant to place Ms. Hayes in criminal proceedings.

<u>PROPERTY DAMAGE</u>

44. During the events described above, the Defendants broke down the door to Ms. Hayes' home. During the search Ms. Hayes' personal property, including, bedroom, dressers, shelves, and laundry room were unnecessarily damaged.

<u>DEFAMATION</u>

45. Officer Driskell and/or the Jones County Sheriff's Department sent Ms. Hayes' mugshot to *The Laurel Leader Call* along with the alleged charge of "Possession of Methamphetamine-Warrant" knowing that this charge was false and/or fabricated.

46. This information was published the next day on *The Laurel Leader Call*. **Attached as Exhibit A.**

47. The publication was made to third persons. The false statement were libelous per se. The libelous statement were published in a grossly negligent manner or were intentionally published.

48.     As a result Ms. Hayes sustained reputational damages.

**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

49.     All of the relevant acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

50.     These acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by: the Fourth Amendment for (1) False Arrest, (2) Excessive Force, and (3) Warrantless Arrest; the Eighth Amendment for excessive fine; and the Fourteenth Amendment for (1) Failure to Set a Bond, (2) Failure to be Given an Initial Appearance, and (3) Violation of the Equal Protection Clause in violation of 42 U.S.C. § 1983.

FIRST CLAIM FOR RELIEF
FOURTH AMENDMENT VIOLATION - FALSE ARREST

51.     Ms. Hayes had a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. Officer Jake Driskell and Doe Officers 1-6 did not have probable cause to arrest Ms. Hayes.

52.

53.     Officer Driskell and Doe Officers 2-5 entered and searched the home but did not find any drugs in the home. Officer Driskell and Doe Officers 2-5 did not have any reasonable suspicion, much less probable cause, to believe that a felony had been committed in the home.

54.     Officer Driskell and Doe Officers 2-5 chose to stay in the home and interrogate Ms. Hayes. When Ms. Hayes did not give Officer Driskell the answer he wanted to hear, Officer Driskell ordered that Ms. Hayes be arrested and taken to jail.

55.     By arresting Ms. Hayes for possession of methamphetamine with the intent to distribute while no drugs were found in the home, Officer Driskell and Doe Officers 2-5 violated Ms. Hayes Fourth Amendment rights.

8

## SECOND CLAIM FOR RELIEF
## FOURTH AMENDMENT VIOLATION – EXCESSIVE USE OF FORCE

56. Ms. Hayes had a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

57. While acting under the color of law, Doe Officer 1 used force on Ms. Hayes by telling her to "shut up and sit down" and keeping watch over her with a firearm.

58. After verifying that there were no drugs within the home, Officer Driskell, continued to use force, i.e. using his status as a police officer while acting under the color of law, to continue to seize Ms. Hayes in order to interrogate her.

59. Officer Driskell continued to use force when he ordered Ms. Hayes to call another adult to watch over her children at night and limited her movement within the home.

60. Officer Driskell used force to arrest Ms. Hayes and take her to jail.

61. Given the actual facts, i.e., that Officer Driskell and Doe Officers 1-5 detained and arrested Plaintiff without any probable cause, no force whatsoever was warranted or justified.

62. Officer Driskell and Doe Officers 1-5 acted with malice and/or deliberate violence or oppression and/or in willful disregard for the rights and safety of Ms. Hayes and/or in reckless disregard for her rights and safety.

63. As a result, Plaintiff suffered a loss of her liberty and associated mental anguish, shame, humiliation, and emotional distress.

## THIRD CLAIM FOR RELIEF
## FOURTH AMENDMENT VIOLATION – WARRANTLESS ARREST

64. Mississippi Code Annotated § 99-3-7 allows for an officer to arrest any person without a warrant when . . . the officer has reasonable ground to suspect and believe the person proposed to be arrested to have committed a felony.

65. Officer Driskell, while acting under the color of state law, subjected Ms. Hayes to, or caused Ms. Hayes to be subjected to the deprivation of her Fourth Amendment rights under the United States Constitution to be free from unreasonable seizures by arresting her without a warrant and without probable cause. As a result Ms. Hayes was falsely arrested and spent over 24 hours in jail.

### FOURTH CLAIM FOR RELIEF
### EIGHTH AMENDMENT – EXCESSIVE BAIL

66. The Eighth Amendment to the United States Constitution provides in part that "excessive bail shall not be required."

67. Article III § 29 cl. 1 states that excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses . . . .

68. Rule 5.1(b)(1)-(2) of the Mississippi Rules of Criminal Procedure provide that a person arrested without a warrant: may, unless prohibited by law, be released upon the defendant's personal recognizance after being notified in writing to appear at a special time and place; or shall be released upon execution of an appearance bond set according to Rule 8, unless the charge upon which the person was arrested is not a bailable offense, and directed to appear at a specified time and place.

69. Rule 8.2(a) of the Mississippi Rules of Criminal Procedure provide that any defendant charged with an offense bailable as a matter of right shall be released pending or during trial on the defendant's personal recognizance or on an appearance bond . . . .

70. Ms. Hayes was arrested and processed by Officer Driskell and the Jones County Sheriff's Department.

71. During the two days she was detained, Ms. Hayes was never given a bond.

72. Possession of methamphetamine with intent to distribute is not a capital felony under Mississippi law.

73. Ms. Hayes had a right to a secured or unsecured bond unless a state judge otherwise ordered.

74. Failure to be set a bond when the offense was not a capital offense is equivalent to an excessive bond.

75. By failing to submit an affidavit of arrest or request a warrant for arrest, Officer Driskell was ensuring that Ms. Hayes would not be able to obtain a bond for her release.

## FIFTH CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT VIOLATION – FAILURE TO SET A BOND

76. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, and property without due process of law.

77. Officer Driskell, under the color of state law as an officer of the Jones County Sheriff's Department subjected Ms. Hayes to, or caused Ms. Hayes to be subjected to the deprivation of her state protections under the Fourteenth Amendment to the United States Constitution by failing to submit an affidavit of arrest or request a warrant for arrest, Officer Driskell ensuring that Ms. Hayes would not have a bond set for her and that she would spend more time in jail than necessary.

## SIXTH CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT VIOLATION – FAILURE TO BE GIVEN AN INITIAL APPEARANCE

78. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, and property without due process of law.

79.     Rule 5.1(b)(3) of the Mississippi Rules of Criminal Procedure states that "if not released pursuant to subsection (b)(1) or (b)(2), the accused shall be taken without delay, and in no event later than forty-eight (48) hours after arrest, before a judge for an initial appearance.

80.     Rule 5.2(a)(1) and (3) of the Mississippi Rules of Criminal Procedure states that "at the Defendant's initial appearance, the judge shall . . . inform the defendant of the charges and provide the defendant with a copy of the charging affidavit . . . if the arrest has been made without a warrant, determine whether there was probable cause for the arrest and note the probable cause determination for the record. If there was no probable cause for the warrantless arrest, the defendant shall be released.

81.     By not filing an affidavit of arrest or obtaining a warrant of arrest, Officer Driskell was ensuring that Ms. Hayes would not be placed in criminal proceedings and would not be afforded the protections Ms. Hayes is guaranteed under state law and criminal procedures.

82.     As set forth above, Officer Driskell, under the color of state law as an officer of the Jones County Sheriff's Department subjected Ms. Hayes to, or caused Ms. Hayes to be subjected to the deprivation of her state protections under the Fourteenth Amendment to the United States Constitution.

SEVENTH CLAIM FOR RELIEF
FOURTEENTH AMENDMENT VIOLATION –VIOLATION OF THE EQUAL PROTECTION CLAUSE

83.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the preceding paragraphs.

84.     The Fourteenth Amendment to the United States Constitution provides in pertinent part that, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.

85. Ms. Hayes was entitled to the same protections that Desmond Hicks and Chloe Morgan were given.

86. Chloe Morgan was given a bond within hours of being arrested, and Desmond Hicks was given a probable cause hearing the next day.

87. Without justification and at the orders of Officer Driskell, Ms. Hayes was neither given a bond nor a preliminary hearing.

88. As set forth above, Officer Driskell, under the color of state law as an officer of the Jones County Sheriff's Department subjected Ms. Hayes to, or caused Ms. Hayes to be subjected to the deprivation of her equal protections under the Fourteenth Amendment to the United States Constitution.

## TORT CLAIMS

70. Officer Driskell is also liable to Ms. Hayes under Mississippi law for his wrongful acts which harmed and/or caused damage to the Plaintiffs.

71. Based on the facts and circumstances set forth herein, the Plaintiff is asserting the following claims against Officer Driskell and the individual Defendants: intentional infliction of emotional distress; false imprisonment; assault; battery; defamation; and abuse of process.

72. As a direct and proximate result of said acts, Plaintiff suffered and will continue to suffer damages including damage to reputation, emotional pain and suffering, emotional distress, and financial losses for which Defendants are liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mekeshia Hayes request that judgment be entered in her favor and against Defendants as follows:

1. Compensatory damages in an amount according to proof at trial;

2. Punitive damages in an amount according to proof at trial;

3. Attorney fees and costs of suit pursuant to 42 U.S.C. § 1988;

4. Ordinary taxable costs of suit;

5. Any other further relief as the Court deems just and appropriate.

Respectfully submitted, this the 11th day of October, 2021.

**Mekeshia Hayes, Plaintiff**

*/s/ Christian Medina*
Christian Medina

OF COUNSEL

Christian Medina (MSB#105708)
DANKS, MILLER & CORY
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160

**CERTIFICATE OF SERVICE**

I, Christian Medina, do hereby certify that I have this date electronically filed the foregoing documents with the clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

THIS the 11th day of October, 2021.

*/s/Christian Medina*.
Christian Medina